UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| DIGITECH COMPUTER, INC., | ) | |
| | ) | |
| Plaintiff and | ) | |
| Counter Defendant, | ) | |
| | ) | |
| v. | ) | 2:07-cv-225-WGH-RLY |
| | ) | |
| TRANS-CARE, INC., | ) | |
| | ) | |
| Defendant and | ) | |
| Counter Claimant. | ) | |

**FINDINGS OF FACT, CONCLUSIONS
OF LAW, AND DECISION ON DAMAGES**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, pursuant to the consent of the parties and the Order of Reference dated January 4, 2008. (Docket Item 13). A hearing on damages was held before the Magistrate Judge, at 10:00 a.m., on December 15, 2009. Plaintiff was represented by counsel, Jeffry Alan Lind; Defendant was represented by counsel, Mark Douglas Hassler. The parties requested and were allowed to file post-hearing briefs and did so on January 15, 2010. (Docket Items 64-65).

The Magistrate Judge, having heard testimony from Mr. Lind, Mr. Manion and Mr. Ward, makes the following findings of fact, conclusions of law, and decision with respect to damages in this case:

## Findings of Fact

1. Digitech Computer, Inc. ("Digitech") provided to Trans-Care, Inc. ("Trans-Care") certain customization services as reflected on the following invoices:

    (a)    Invoice No. 11243, $2,833.33, dated January 30, 2007;

    (b)    Invoice No. 11303, $1,166.00, dated February 20, 2007; and

    (c)    Invoice No. 11334, $200.00, dated March 8, 2007;

2. Digitech provided training services to Trans-Care in the amount of Two Thousand Two Hundred Fifty-six Dollars and Seventy Cents ($2,256.70), as reflected on Invoice No. 11334, dated March 8, 2007.

3. Digitech is entitled to 33 monthly fees of Two Thousand Two Hundred Dollars ($2,200.00), totaling Seventy-two Thousand Six Hundred Dollars ($72,600.00).

4. Digitech is entitled to interest at one and one-half percent (1-1/2%) per month from a date 30 days after each invoice pursuant to the agreement at paragraph II-B.

5. The appropriate dates for calculation of prejudgment interest are those which are provided by Mr. Ward at Trans-Care's Exhibit D. Prejudgment interest is in the amount of Nineteen Thousand Eight Hundred Ninety-nine Dollars ($19,899.00).

6. Digitech is, therefore, entitled to a judgment for payments due under the contract and prejudgment interest in the total amount of Ninety-eight Thousand Nine Hundred Fifty-five Dollars and Three Cents ($98,955.03).

7.  The agreement entered into between the parties (Exhibit 1) contains the following language with respect to the assessment of attorney fees at paragraph II-E:

> In the event that service is suspended in accordance with paragraphs C and[/]or D above, all undisputed outstanding invoices must be paid before service will be re-activated. Further, in the event service is suspended, DIGITECH, at its option, may require prepayment for future services or change the payment terms of this agreement as DIGITECH deems appropriate. All of CLIENT'S contractual obligations as stated herein will remain in force throughout the suspension period. DIGITECH will have no liability to CLIENT for damages of any type or nature arising from the suspension of service under this ARTICLE II. In addition, CLIENT will pay reasonable legal fees and expenses incurred for collections on any unpaid balances hereunder.

8.  The language proposed in the agreement (Exhibit 1) was drafted by Digitech. (*See* Exhibit 117).

9.  The language described above is not a prevailing party's attorney fees provision and is not ambiguous. Therefore, the Magistrate Judge concludes that legal fees payable under this agreement are limited to those incurred for "collections on unpaid balances" after the suspension of service, and attorney fees may not be awarded for defending the Counterclaim in this case.[1]

10. A certain number of hours of legal time were necessary to address defenses raised to the collection of unpaid balances. Specifically, Trans-Care

---

[1] Even if this language should be found to be ambiguous, the language was drafted by Digitech. As specified in Conclusion of Law 3, ambiguous language would be construed against the drafter. One reasonable construction of the phrase is that only claims for collection of unpaid balances were subject to attorney fee shifting; otherwise, each party understood that litigation over other aspects of compliance under the contract would be litigated with each party to bear their own legal fees. The two parties to this contract are of relatively equal bargaining power, and this is not a contract of adhesion.

argued that certain training billed for had not been provided.  Trans-Care also defended on the basis that three months of the payments were not due and owing because of a dispute over the commencement date for payments.  Other defenses to payment exist as well.

11.  The hourly rate charged by Mr. Lind of One Hundred Eighty Dollars ($180.00) per hour for his services and One Hundred Dollars ($100.00) per hour for paralegal time are reasonable hourly rates.

12.  The Magistrate Judge has spent considerable time examining the attorney fee records submitted as Digitech's Damages Exhibit 1.  However, despite fairly thorough scrutiny, it is impossible to address on a line-item by line-item basis which entries can be fairly attributed to the collection efforts and defenses attributable to collection and which entries can be said to relate to the defense of the Counterclaim.  Based on listening to the evidence at trial, a substantial portion of the time used by witnesses in testifying and a substantial part of the legal research necessary to write briefs addressing issues raised by the Counterclaim, it is reasonable to attribute fifty percent (50%) of the time spent in this case to the prosecution of the collection case and fifty percent (50%) to the defense of the Counterclaim.

13.  The Affidavit of Jeffrey Lind establishes that as of December 1, 2009, he had provided 362.2 hours of attorney time related to this case.  Fifty percent (50%) of this time equals 181.1 hours.  Applying Mr. Lind's reasonable rate of One

Hundred Eighty Dollars ($180.00) per hour, the attorney fees recoverable in this case total Thirty-two Thousand Five Hundred Ninety-eight Dollars ($32,598.00).

14. Pursuant to Mr. Lind's Affidavit, at paragraph 9, 4.9 hours of paralegal time was spent at the reasonable rate of One Hundred Dollars ($100.00) per hour. Applying fifty percent (50%) to this total results in a recovery of Two Hundred Forty-five Dollars ($245.00).

15. The language found in the agreement (Exhibit 1) requires Trans-Care to pay "legal fees *and expenses* incurred for collections on any unpaid balances hereunder." This contract does not specifically define what is meant by "expenses." Given that Digitech drafted the language, a reasonable interpretation of that language is that only reasonable legal expenses as recognized under Indiana law may be collected. The expenses listed in Defendant's Damages Exhibit A are expenses of Digitech's employees to attend the trial. The parties have not provided (and the court has not found) any authority establishing that the living and traveling expenses incurred by a party to attend the trial are "legal expenses" recognized under Indiana law. Therefore, these expenses may not be recovered in this case.

16. Because costs must be construed strictly (see Conclusion of Law 4), only the filing fee of One Hundred Thirty-three Dollars ($133.00) can be awarded as legal costs. Other "costs" sought in Damages Exhibit 4 are "expenses." They are, however, the type of "legal expenses" for printing and deposition costs which fall within the contractual language. They are awarded under the contract language as

specified in the amount of Three Thousand Nine Hundred Ninety Dollars and Fifty-five Cents ($3,990.55).

### Conclusions of Law

1. The parties stipulate that Indiana law governs the dispute in this case.

2. Under Indiana law, a contract "is ambiguous only if it is 'susceptible to more than one interpretation and reasonably intelligent persons would differ as to its meaning.'" *USA Life One Ins. Co. of Indiana v. Nuckolls,* 682 N.E.2d 534, 538 (Ind. 1997)(quoting *Commercial Union Ins. v. Moore,* 663 N.E.2d 179, 181 (Ind.Ct.App. 1996), *trans. denied*). The language in the parties' agreement (Exhibit 1), at paragraph II-E, is not ambiguous.

3. The Indiana Court of Appeals has explained that an ambiguous contract is to be construed against the drafter. *Fresh Cut, Inc. v. Fazli,* 650 N.E.2d 1126, 1132 (Ind. 1995).

4. In *VanWinkle v. Nash,* 761 N.E.2d 856 (Ind. App. Ct. 2002), the Indiana Court of Appeals writes:

> Costs were unknown at common law and may be awarded by a court only when they are authorized by statute. *AgMax, Inc. v. Countrymark Coop., Inc.,* 661 N.E.2d 1259, 1261 (Ind.Ct.App. 1996). The statutory authority for the recovery of costs is found in IND. CODE § 34-52-1-1 (the General Recovery Statute), which provides: "In all civil actions, the party recovering judgment shall recover costs, except in those cases in which a different provision is made by law." Costs are also addressed in Ind. Trial Rule 54(D), which provides, in relevant part: "Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs in accordance with any provision of law."

> "The term 'costs' is an accepted legal term of art that has been strictly interpreted to include only filing fees and statutory witness fees." *Midland-Guardian Co. v. United Consumers Club Inc.,* 499 N.E.2d 792, 800 (Ind.Ct.App. 1986). "Thus, in the absence of manifest contrary legislative intent, the term "costs" must be given its accepted meaning which does not include litigation expenses." *Id.* at 801.

*Id.* at 861 (footnote omitted).

5. Pursuant to 28 U.S.C. § 1961(a), "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of judgment at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

**Decision**

In conclusion, Digitech is entitled to a judgment in the amount of Ninety-eight Thousand Nine Hundred Fifty-five Dollars and Three Cents ($98,955.03) as damages and prejudgment interest. In addition, Digitech is entitled to reasonable attorney fees, but only those that were necessary to collect unpaid balances, and in this case, they amount to Thirty-two Thousand Eight Hundred Forty-three Dollars ($32,843.00). The contract does provide for the payment of "legal expenses." The legal expenses in this case do not include the parties' own expenses to attend the trial, but do include deposition costs and printing fees. In this case, legal expenses payable under the contract amount to Three Thousand Nine Hundred Ninety

-7-

-8-

Dollars and Fifty-five Cents ($3,990.55).  Under Indiana law, legal costs are limited to reasonable costs; in this case, One Hundred Thirty-three Dollars ($133.00).  Post-judgment interest shall apply to the Judgment from the date of the final Judgment, as provided in 28 U.S.C. § 1961.  A separate Final Judgment Entry will be issued.

**SO ORDERED** the 9th day of February, 2010.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Mark Douglas Hassler
HUNT HASSLER & LORENZ, LLP
hassler@huntlawfirm.net

Jeffry Alan Lind
FLESCHNER, STARK, TANOOS & NEWLIN
jeff@fleschnerlaw.com