UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DIGITECH COMPUTER, INC., | ) |
| Plaintiff, | ) |
| v. | ) 2:07-cv-225-WGH-RLY |
| TRANS-CARE, INC., | ) |
| Defendant. | ) |
| TRANS-CARE, INC., | ) |
| Counter Claimant, | ) |
| v. | ) |
| DIGITECH COMPUTER, INC., | ) |
| Counter Defendant. | ) |

**ENTRY ON PLAINTIFF'S VERIFIED
MOTION TO ENFORCE JUDGMENT BY
PROCEEDINGS SUPPLEMENTAL TO EXECUTION**

**Introduction**

On August 5, 2010, the Plaintiff, Digitech Computer, Inc., filed a Verified Motion to Enforce Judgment by Proceedings Supplemental to Execution. (Docket No. 115). The Defendant, Trans-Care, Inc., filed its Brief in Opposition on August 25, 2010. (Docket No. 117). The Plaintiff filed its Reply on September 14, 2010. (Docket No. 122). The court conducted a hearing on the motion on October 12, 2010, at which the parties were represented by counsel.

## **Discussion**

The Plaintiff, Digitech Computer, Inc. ("Digitech"), as a judgment creditor, seeks to enforce its judgment against the Defendant, Trans-Care, Inc. ("Trans-Care"), in this case by way of a proceeding supplemental to judgment. Pursuant to Rule 69 of the Federal Rules of Civil Procedure, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located . . . ." A garnishment is one such remedy generally available for the enforcement of judgments. *In re McCarthy,* 350 B.R. 820, 829 (Bkrtcy. N.D. Ind. 2006). Courts follow state law when garnishing a debtor's property. *Matter of Freedom Group, Inc.,* 50 F.3d 408, 410 (7th Cir. 1995). Section 34-55-8-7(a) of the Indiana Code provides, as follows:

> After a hearing of which the judgment debtor has been notified, the court may order:
> (1) any property, income, or profits of the judgment debtor not exempt from execution or process, in the hands either of the judgment debtor or of any other person; or
> (2) any debt due to the judgment debtor;
> to be applied to the satisfaction of the judgment and forbid transfers of property and choses in action.

Digitech asserts that such a hearing has now been conducted and that it is entitled to an order from this court that instructs Indiana Medicaid "that money or funds due to Trans-Care from Medicaid be applied to the satisfaction of the judgment and Medicaid be forbidden to transfer money or funds owed to TransCare other than as an application against the judgment." (Verified Motion to Enforce

Judgment by Proceedings Supplemental to Execution ¶ 17). Trans-Care argues that Indiana Medicaid is prohibited from transferring funds directly to Digitech, citing 42 U.S.C. § 1396a(32). That portion of the United States Code provides for the manner in which Medicaid payments are to be made to parties other than a recipient, as follows:

A State plan for medical assistance must–

* * * * *

(32) provide that no payment under the plan for any care or service provided to an individual shall be made to anyone other than such individual or the person or institution providing such care or service, under an assignment or power of attorney or otherwise; except that–

(A) in the case of any care or service provided by a physician, dentist, or other individual practitioner, such payment may be made (i) to the employer of such physician, dentist, or other practitioner if such physician, dentist, or practitioner is required as a condition of his employment to turn over his fee for such care or service to his employer, or (ii) (where the care or service was provided in a hospital, clinic, or other facility) to the facility in which the care or service was provided if there is a contractual arrangement between such physician, dentist, or practitioner and such facility under which such facility submits the bill for such care or service;

(B) nothing in this paragraph shall be construed (i) to prevent the making of such a payment in accordance with an assignment from the person or institution providing the care or service involved if such assignment is made to a governmental agency or entity or is established by or pursuant to the order of a court of competent jurisdiction, or (ii) to preclude an agent of such person or institution from receiving any such payment if (but only if) such agent does so pursuant to an agency agreement under which the compensation to be paid to the agent for his services for or in connection with the billing or collection of payments due such person or institution under the plan is unrelated (directly or indirectly) to the amount of such

> payments or the billings therefor, and is not dependent upon the
> actual collection of any such payment; . . . .

42 U.S.C. § 1396a(32). Contrary to Trans-Care's assertions, Section 1396(a)(32) does not prohibit direct payments to third parties if such a payment is "established by or pursuant to the order of a court of competent jurisdiction." *Id.* In this case, the garnishment order sought by Digitech would qualify as such an order because this district court would have jurisdiction over the Indiana Medicaid office which issues the payments to Trans-Care.

Trans-Care also argues that the court should be prohibited from issuing a garnishment order because Digitech, as a judgment creditor, has a junior interest in the Medicaid payments because another party, Edgar County Bank and Trust Co. ("Edgar County Bank"), has a prior perfected security interest in all of Trans-Care's accounts receivable. However, no authority cited in Trans-Care's brief prohibits the court from issuing a garnishment order instructing Indiana Medicaid to make all payments owing to Trans-Care to the Clerk of Court. And, in fact, I.C. 26-1-9.1-401 provides that "[a]n agreement between the debtor and secured party that prohibits a transfer of the debtor's rights in collateral or makes the transfer a default does not prevent the transfer from taking effect." Because the court does not have sufficient information to determine the priority between competing creditors, an order will issue that briefs be filed addressing this issue.

## Conclusion

For the reasons outlined above, Digitech is entitled to an order of garnishment. Digitech is directed to provide an appropriate proposed order of

garnishment to the court for consideration within ten (10) days of the date of this order.

Digitech and Edgar County Bank shall file any motions to establish priority to these proceeds by December 15, 2010.

**SO ORDERED.**

Dated: November 9, 2010

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Mark Douglas Hassler
HUNT HASSLER & LORENZ, LLP
hassler@huntlawfirm.net

Jeffry Alan Lind
COX ZWERNER GAMBILL & SULLIVAN
jeff@fleschnerlaw.com

**Mail copy to:**

Richard L. James
328 N. Central Ave.
PO Box 820
Paris, IL 61944